JEFFREY A. SILVESTRI, ESQ.
Nevada State Bar No. 5779
JOSEPHINE BINETTI McPEAK, ESQ.
Nevada State Bar No 7994
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102
(702) 873-4100
*Attorneys for OneSource Facility Services, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ONESOURCE BUILDING SERVICES, INC., an Illinois corporation,<br><br>Plaintiff<br><br>vs.<br><br>LARRY GARIBALDI, an individual, DANIEL YNOSTROZA, an individual; DIANE REBECCHI, an individual, and METRO BUILDING MAINTENANCE, a foreign corporation; inclusive,<br><br>Defendants. | CASE NO.. 3:06-cv-00191-BES-RAM<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS STIPULATED by plaintiff ONESOURCE BUILDING SERVICES, INC. and defendants LARRY GARIBALDI, DANIEL YNOSTROZA, and METRO BUILDING MAINTENANCE (collectively, the "Parties") that the following protective order pertaining to Confidential Information and Attorney's Eyes Only Information is approved as to form and content, and may be entered as an Order of the Court

Discovery in this action may require one or more Parties to provide to each other information and documents that contain information that is confidential and sensitive. Included within these documents may be documents that are confidential and non-public, and which contain valuable proprietary and trade secret information and other confidential business information. Disclosure of this information could result in harm to the Party providing the information and documents. Although this information must be disclosed, the Parties are entitled to the protections described below.

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

1. As used in this Stipulated Protective Order, there exist two levels of confidentiality – "Confidential" and "Attorney's Eyes Only."

a. The term "Confidential Information" means any testimony, documents, or other information designated "Confidential" at or about the time of its disclosure by any Party, whether such designation is in writing or on the record such as at a deposition or hearing. A producing Party will designate as "Confidential" such documents and information produced by it which the producing Party believes in good faith constitute, contain or reflect proprietary, trade secret or commercially sensitive information.

b. A producing Party will designate as "Attorney's Eyes Only" such testimony, documents or other information produced by it which the producing Party believes in good faith constitute, contain or reflect information that may give a competitive advantage to either party. This Court may broaden the "Attorney's Eyes Only" designation to include additional categories of information.

2. Access to "Confidential" information, and to any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Confidential" shall be limited to:

a. Counsel of record for the Parties to the litigation, including office associates, paralegals, stenographic and clerical employees,

b. The Parties to this action, their representatives, directors, officers, employees, and agents, including in-house counsel, subject to the provisions of Paragraph 4 below,

c. Outside witnesses, consultants, and/or experts, subject to the provisions of Paragraph 4 below;

d. The Court and court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation; and

e. Any other person whom the producing party agrees to in writing

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • NO. 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

3. Access to "Attorney's Eyes Only" information, and to any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Attorney's Eyes Only" shall be limited to:

a. Counsel of record for the Parties to the litigation, including office associates, paralegals, stenographic and clerical employees;

b. The Court and court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation;

c. Outside consultant, experts or either party's in-house counsel, subject to the provisions of Paragraph 5 below;

d. Any other person whom the producing Party agrees to in writing, subject to the provisions of Paragraph 5 below.

Documents or information which have been designated "Attorney's Eyes Only" shall not be given to the receiving Party or the receiving Party's employees, representatives or agents, other than as specified above.

4. The receiving Party, its directors, officers, employees, agents, representatives, other than counsel, outside witnesses, consultants and experts shall have access to "Confidential" information, and to any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated "Confidential" by the producing Party only after the director, officer, employee, agent, representative, other than counsel, outside witness, consultant or expert of the reviewing Party who is to have access to the "Confidential" information has executed the Confidentiality Agreement attached as Exhibit A to this Stipulated Protective Order.

5. With regard to outside consultants, experts and any person identified in accordance with Section 3(c) above, prior to making a disclosure of information designated as "Attorney's Eyes Only" information, the receiving Party must notify the producing Party in writing via facsimile and mail as to the name of the consultant and/or expert to whom the disclosure is to be made, and the purpose of such disclosure. The producing Party shall have ten (10) days to object to such disclosure through written

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • NO. 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

notification via facsimile and mail. If the Parties are unable to resolve the issue following such objection, the Parties will make themselves available to present the issue to the Magistrate Judge within ten business days of the first day his calendar so permits. Notwithstanding anything to the contrary, any of the persons described in Section 3(c) or Section 3(e), above, who may have access to "Attorney's Eyes Only" information must execute the Confidentiality Agreement attached as Exhibit B to this Stipulated Protective Order.

6. As used in this Stipulated Protective Order, the term "disclosure" includes the dissemination, communication, publication, or reproduction of any confidential material or the contents of the information contained therein, or the communication of any estimate or other information which facilitates the discovery of Confidential Information or Attorney's Eyes Only Information.

7. If a Party believes that another Party's designation of testimony, documents, or other information as "Confidential" or "Attorney's Eyes Only" is inappropriate, or that the protections set forth in this Stipulated Protective Order are otherwise inappropriate with regard to particular testimony, documents or other information, that Party shall notify the disclosing Party in writing of its objection to such designation. The Party seeking confidentiality then must file a motion for a protective order within 15 days of being served with the written notice of objection; in the case of on-the-record oral notification, the motion must be filed within 15 days of the date that the objection was asserted on the record. The motion must be briefed and submitted as with any other motion. As with protective orders generally, the Party seeking confidentiality has the burden of proving that it is entitled to the protection described in this Stipulated Protective Order, or that some other kind of protection is appropriate pursuant to FRCP 26(c).

8. Unless the Court orders otherwise, testimony, documents, or information that is designated as "Confidential" or "Attorney's Eyes Only" is entitled to the protection afforded by this Stipulated Protective Order as soon as that designation is made by the

McDONALD·CARANO·WILSON
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

Party seeking confidentiality. Those protections remain applicable even if another Party objects to that designation, unless and until the Court enters an order removing or modifying the protection afforded by this Stipulated Protective Order. However, if an objection is asserted and the Party seeking confidentiality fails to file a motion for a protective order within the time period described in Paragraph 7 of this Stipulated Protective Order, the testimony, documents, or information loses the protection afforded by this Stipulated Protective Order.

9. "Confidential" information and "Attorney's Eyes Only" information shall be, and remain, confidential and except as allowed by this Stipulated Protective Order, may not be disclosed or communicated, nor used for any purpose other than this litigation, including any appeals.

10. Any and all documents containing "Confidential" information or "Attorney's Eyes Only" information must be retained by counsel and not be disclosed or made available to any person other than those persons identified in Paragraphs 2 and 3 of this Stipulated Protective Order who have read and acknowledged the terms of this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall in any way affect the admissibility at trial of any of the documents produced under this Stipulated Protective Order.

11. Any person who is in possession of "Confidential" information or "Attorney's Eyes Only" information, or to whom "Confidential" information or "Attorney's Eyes Only" information is disclosed, is responsible for ensuring that such is not inadvertently disclosed by him or her. Failure to take all reasonable precautions to ensure against such inadvertent disclosure may be viewed by the Court as willful disobedience of this Stipulated Protective Order and may be punished accordingly.

12. Counsel receiving "Confidential" information or "Attorney's Eyes Only" information may not disclose information to any expert or consultant without first furnishing to that expert a copy of this Stipulated Protective Order and obtaining from that expert an executed copy of the applicable Confidentiality Agreement, forms of which are

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

attached to this Stipulated Protective Order as Exhibits A and B The original of any such executed Confidentiality Agreement must be retained in the office of counsel who retained the expert or consultant Copies of any such executed Confidentiality Agreement must immediately be served upon counsel for all other Parties

13 Any person who executes a copy of the Confidentiality Agreement attached hereto submits to the jurisdiction of this Court for purposes of enforcement of this Stipulated Protective Order, either prior to or following trial of this action Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any Party or persons affected by this Stipulated Protective Order to apply to the Court for such direction or further decree as may be appropriate for the construction or enforcement of this Stipulated Protective Order, or for such additional relief as may become appropriate

14 Nothing in this Stipulated Protective Order precludes the Party who designates testimony, documents, or other information as "Confidential" or "Attorney's Eyes Only" from using that information for business or other purposes in a manner reasonably calculated to maintain its confidential nature Any disclosure by the designating Party which is inconsistent with a designation as "Confidential" or "Attorney's Eyes Only" may be referred to by the other Party as evidence that the information was improperly designated

15 Before being copied for production, documents containing protected information must be marked "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" If through inadvertence, any Party produces or offers as testimony any "Confidential" information or "Attorney's Eyes Only" information without labeling it or otherwise designating it as such, the producing Party may, within a reasonable period of time, give written notice of the appropriate designation for such documents However, the Party receiving the information shall not be liable for a violation of this Stipulated Protective Order if it disclosed such documents or testimony to others prior to receiving notice that the information was designated as "Confidential" or "Attorney's Eyes Only"

16. In applications and motions to the Court, all submissions of designated material shall be lodged (not filed) with the Court in sealed enclosures on which shall be affixed the title of this action, an indication of the nature of their contents, the word "CONFIDENTIAL" or phrase "ATTORNEY'S EYES ONLY" and a statement substantially in the following form.

**THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A STIPULATED PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

The submission shall indicate clearly which portions are designated to be "Confidential" or "Attorney's Eyes Only." A copy of this Order shall be submitted with the lodged materials Lodged materials shall be returned by the Court to the submitting party immediately after the hearing or as early as otherwise practicable. The materials shall then be preserved by the submitting Party for the duration of the action and any appellate review.

17. Nothing in this Stipulated Protective Order precludes the deposition examination of any person regarding "Confidential" information or "Attorney's Eyes Only" information of which they have knowledge. All transcripts of said deposition containing "Confidential" information or "Attorney's Eyes Only" information will be treated in accordance with this Stipulated Protective Order, and when filed must be marked pursuant to the procedure set forth in Paragraph 15, supra, and may be used in accordance with the terms set forth in Paragraph 16, supra.

18. Other than the deponent being examined, only persons identified in Paragraph 2 of this Stipulated Protective Order may attend any portion of any deposition examination during which "Confidential" information may be disclosed, and only persons designated in Paragraph 3 of this Stipulated Protective Order may attend any deposition examination in which "Attorney's Eyes Only" information may be disclosed. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing "Confidential" information or "Attorney's Eyes Only" information is and shall remain

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

confidential and shall not be disclosed except as provided in this Stipulated Protective Order and that copies of any transcript, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record.

19. If, at the time of trial, counsel for any Party attempts to introduce into evidence any "Confidential" information or "Attorney's Eyes Only" information contained in a document or portion thereof (including all or a portion of any deposition transcript), the Court will take whatever steps it deems reasonably necessary to preserve the confidentiality of that information.

20. Nothing in this Stipulated Protective Order requires a Party to disclose "Confidential" information or "Attorney's Eyes Only" information that the Party also contends is protected from disclosure based upon a privilege or for some reason other than the mere confidential nature of the document or information.

21. Within 15 days after the final determination of this action, except as otherwise provided in this Stipulated Protective Order, "Confidential" information or "Attorney's Eyes Only" information must be returned to the Party who originally designated the testimony, documents, or other information as "Confidential" or "Attorney's Eyes Only." This provision applies to copies of documents containing "Confidential" information or "Attorney's Eyes Only" information, and specifically includes transcripts containing "Confidential" information or "Attorney's Eyes Only" information. Counsel is responsible for retrieving documents containing "Confidential" information or "Attorney's Eyes Only" information from the Parties who they represent; from their respective office associates, paralegals, and stenographic and clerical employees; and from any experts or consultants who have signed the attached Confidentiality Agreement. An attorney's notes, documents that qualify for protection from disclosure by a privilege, and documents that constitute work product as that doctrine is set forth at NRCP 26(b)(3), may be retained by counsel, but shall be placed in a sealed envelope or other container on the face of which shall be typed or printed:

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

**CONFIDENTIAL**

**The information contained herein is confidential and subject to a Stipulated Protective Order issued by the United States District Court, District of Nevada. Anyone not permitted to review this information as set forth in that Stipulated Protective Order is in violation of that Order, and may have sanctions imposed against him or her as the Court may determine and allowable under law, and may also be subject to contempt of court proceedings.**

22 Anyone found to be in violation of this Stipulated Protective Order may have sanctions imposed against him or her as the Court may determine and allowable under law, and may also be subject to contempt of court proceedings

**STIPULATED TO AND APPROVED AS TO FORM AND SUBSTANCE**

| GREEN & HUMBERT | McDONALD CARANO WILSON LLP |
|---|---|
| HORACE GREEN, ESQ.<br>220 Montgomery Street, Suite 438<br>San Francisco, CA 94108<br>*Attorneys for Defendants* | JEFFREY A. SILVESTRI, ESQ. (#5779)<br>JOSEPHINE BINETTI McPEAK, ESQ (#7994)<br>2300 West Sahara Avenue, Suite 1000<br>Las Vegas, Nevada 89102<br>*Attorneys for OneSource Facility Services, Inc.* |

**ORDER**

IT IS SO ORDERED this 18th day of July, 2006

UNITED STATES MAGISTRATE JUDGE

Submitted by:

McDONALD CARANO WILSON LLP

JEFFREY A. SILVESTRI, ESQ. (#5779)
JOSEPHINE BINETTI MCPEAK, ESQ. (#7994)
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102
*Attorneys for OneSource Facility Services, Inc.*

LVDOCS-#119275v1

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ONESOURCE BUILDING SERVICES, INC., an Illinois corporation,<br><br>Plaintiff<br><br>vs.<br><br>LARRY GARIBALDI, an individual; DANIEL YNOSTROZA, an individual; DIANE REBECCHI, an individual; and METRO BUILDING MAINTENANCE, a foreign corporation; inclusive,<br><br>Defendants. | CASE NO.: 3:06-cv-00191-BES-RAM<br><br>**ACKNOWLEDGMENT OF PROTECTIVE ORDER** |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

1. I hereby acknowledge that I am about to receive Confidential information supplied by ______________________________

2. I have read the Stipulated Protective Order governing the restricted use of Confidential information in this litigation, a copy of which has been provided to me. I agree to be bound by the terms thereof.

3. I will not use any documents marked with the legend "Confidential" or any information contained therein for any purpose other than the litigation in the United States District Court, District of Nevada titled *ONESOURCE BUILDING SERVICES, INC v. LARRY GARIBALDI; DANIEL YNOSTROZA; DIANE REBECCHI; and METRO BUILDING MAINTENANCE, Case No. 3:06-cv-00191.* I further affirm that I will not reveal any Confidential information to, nor discuss it with, any other person except in accordance with the terms of the Stipulated Protective Order.

4. At the termination of this litigation, I will return all documents containing confidential information as required by the Stipulated Protective Order.

5. I submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order, either prior to or following trial of this action.

DATED: ______________________

Signed by: ______________________

Printed Name of Person to be Bound: ______________________

Address and Telephone Number: ______________________

______________________

______________________

______________________

SUBSCRIBED AND SWORN to before me this ____ day of ________________, 2006 by ______________________

______________________

NOTARY PUBLIC

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ONESOURCE BUILDING SERVICES, INC., an Illinois corporation,<br><br>Plaintiff<br><br>vs<br><br>LARRY GARIBALDI, an individual; DANIEL YNOSTROZA, an individual; DIANE REBECCHI, an individual; and METRO BUILDING MAINTENANCE, a foreign corporation, inclusive,<br><br>Defendants. | CASE NO.: 3:06-cv-00191-BES-RAM<br><br>**ACKNOWLEDGMENT OF PROTECTIVE ORDER** |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

1. I hereby acknowledge that I am about to receive information supplied by ____________________________, and designated as "Attorney's Eyes Only."

2. I have read the Stipulated Protective Order governing the restricted use of information designated in this litigation as "Attorney's Eyes Only," a copy of which has been provided to me. I agree to be bound by the terms thereof

3. I will not use any documents marked with the legend as "Attorney's Eyes Only" or any information contained therein for any purpose other than the litigation in the United States District Court, District of Nevada titled *ONESOURCE BUILDING SERVICES, INC v. LARRY GARIBALDI; DANIEL YNOSTROZA; DIANE REBECCHI; and METRO BUILDING MAINTENANCE, Case No. 3:06-cv-00191.* I further affirm that I will not reveal any information designated as "Attorney's Eyes Only" to, nor discuss it with, any other person except in accordance with the terms of the Stipulated Protective Order.

4. At the termination of this litigation, I will return all documents containing confidential information as required by the Stipulated Protective Order

5 I submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order, either prior to or following trial of this action

DATED: ______________________

Signed by: ______________________

Printed Name of Person to be Bound: ______________________

Address and Telephone Number: ______________________

______________________

______________________

______________________

SUBSCRIBED AND SWORN to before me this ____ day of ______________, 2006 by ______________________.

______________________

NOTARY PUBLIC

McDONALD·CARANO·WILSON LLP
2300 WEST SAHARA AVENUE • NO 10, SUITE 1000 • LAS VEGAS, NEVADA 89102-4354
PHONE (702) 873-4100 • FAX (702) 873-9966